**SHELL OIL COMPANY,**
Plaintiff-Appellee,

v.

**Evelle J. YOUNGER, Attorney General of the State of California,**
Defendant-Appellant.

No. 76–2784.

United States Court of Appeals, Ninth Circuit.

Nov. 28, 1978.

Linda Tedeschi, Deputy Atty. Gen. (argued), San Francisco, Cal., for defendant-appellant.

William Simon (argued), of Howrey & Simon, Washington, D.C., for plaintiff-appellee.

Before BROWNING, TUTTLE* and ANDERSON, Circuit Judges.

PER CURIAM:

■ In 1975 the California legislature passed section 21200 of the California Business & Professions Code (chapter 8) to regulate price discrimination by major distributors of motor fuel. The first paragraph of chapter 8, in language paralleling section 2(a) of the Robinson-Patman Act, 15 U.S.C. § 13(a) (1970), prohibits price discrimination where the effect of such discrimination is to lessen competition. The second paragraph of chapter 8, like section 2(b) of the federal statute, 15 U.S.C. § 13(b), provides a "meeting competition" defense. The defense under the California statute, however, is narrower than that under the federal statute. To be exculpated under the state act, a discriminating seller must prove not only that the lower price was offered in good faith to meet the equally low price of a competitor, which is all the federal statute requires, but also that the lower price was offered to all customers of the seller in competition with the favored purchaser.

■ Appellee brought this action for declaratory and injunctive relief contending that, because of the limited "meeting competition" defense, the state act is in conflict with section 2(b) of the Robinson-Patman Act and therefore unconstitutional under the Supremacy Clause. The district court agreed, and granted summary judgment declaring the state statute void and of no effect. This appeal followed.

Appellee originally argued broadly that the California statute is in conflict with the Robinson-Patman Act (1) because the California statute requires a seller to grant a lower price to customers other than the one who received a lower price from a competitor of the seller, and thus compels the seller to violate the Robinson-Patman Act which protects discriminatory price reductions only to the customer who has received a price offer from the competing seller; and (2) because the California statute deprives the seller of a federally guaranteed right to defend against customer raids by a price reduction limited to the particular customer to whom the competitor has offered a lower price.

The Supreme Court rejected the premise of both of these arguments in *Exxon Corp.*

---

* Honorable Elbert Parr Tuttle, Senior Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

*v. Governor of Maryland,* 437 U.S. 117, 98 S.Ct. 2207, 57 L.Ed.2d 91 (1978). The Court said:

> Appellants, however, also claim that the Robinson-Patman Act does not simply permit localized discrimination, but actually establishes a federal right to engage in discriminatory pricing in certain situations. They argue that this federal right may be found directly in § 2(b), or, more generally, in our Nation's basic policy favoring competition as reflected in the Sherman Act as well as § 2(b). We find neither argument persuasive.
>
> The proviso in § 2(b) of the Robinson-Patman Act is merely an exception to that statute's broad prohibition against discriminatory pricing. It created no new federal right; quite the contrary, it defined a specific, limited defense, and even narrowed the good-faith defense that had previously existed. To be sure, the defense is an important one, and the interpretation of its contours has been informed by the underlying national policy favoring competition which it reflects. But it is illogical to infer that by excluding certain competitive behavior from the general ban against discriminatory pricing, Congress intended to pre-empt the States' power to prohibit any conduct within that exclusion. This Court is generally reluctant to infer pre-emption, *see, e. g., DeCanas v. Bica,* 424 U.S. 351, 357–358, n. 5, 96 S.Ct. 933, 937, n. 5, 47 L.Ed.2d 43; *Merrill Lynch, Pierce, Fenner & Smith v. Ware,* 414 U.S. 117, 127, 94 S.Ct. 383, 389, 38 L.Ed.2d 348, and it would be particularly inappropriate to do so in this case because the basic purposes of the state statute and the Robinson-Patman Act are similar. Both reflect a policy choice favoring the interest in equal treatment of all customers over the interest in allowing sellers freedom to make selective competitive decisions.

*Id.* at 131–133, 98 S.Ct. at 2217 (footnotes omitted).

■ Attempting to escape the force of *Exxon,* appellees now argue that the anticompetitive effects of chapter 8 conflict with the Sherman Act policy favoring price competition. *Exxon* disposes of this argument as well:

> Appellants . . . [state] that the Maryland statute [challenged in *Exxon*] will have an anticompetitive effect. In this sense, there is a conflict between the statute and the central policy of the Sherman Act—our "charter of economic liberty." *Northern Pacific R. Co. v. United States,* 356 U.S. 1, 4, 78 S.Ct. 514, 517, 2 L.Ed.2d 545. Nevertheless, this sort of conflict cannot itself constitute a sufficient reason for invalidating the Maryland statute. For if an adverse effect on competition were, in and of itself, enough to render a state statute invalid, the States' power to engage in economic regulation would be effectively destroyed. We are, therefore, satisfied that neither the broad implications of the Sherman Act nor the Robinson-Patman Act can fairly be construed as a congressional decision to pre-empt the power of the Maryland Legislature to enact this law.

*Id.* at 133–134, 98 S.Ct. at 2217–18 (footnote omitted).

Appellees suggest that *Exxon* is distinguishable because the anticompetitive effects of chapter 8 are more severe—and thus more in conflict with the federal policy of price competition—than the effects of the Maryland statute upheld in *Exxon.*[1] Assuming appellees correctly analyze the potential effect of chapter 8, this difference in the degree of impact on competition does not support an inference of preemption where none was warranted in *Exxon.*

■ The decision of the California Supreme Court in *Rica v. Alcoholic Beverage*

---

1. Four differences are cited: that chapter 8 extends to permanent price reductions, while the Maryland statute applied only to temporary ones; that chapter 8, unlike the Maryland law, covers price concessions on bulk and wholesale fuel sales as well as sales to retail service stations; that chapter 8 applies to gasoline flowing in interstate as well as intrastate commerce; and that chapter 8 limits the duration of "meeting competition" price reductions to one year.

*Control Appeals Board*, 21 Cal.3d 431, 146 Cal.Rptr. 585, 579 P.2d 476 (1978), is hardly "dispositive of the issue on this appeal," as appellees contend. As a statement of state law it is inapplicable here. As an exposition of federal law it cannot supplant *Exxon*.

Reversed.